UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MEGAN AROON DUNCANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00788-SEB-DML |
| | ) | |
| WINE AND CANVAS IP HOLDINGS LLC, | ) | |
| WINE AND CANVAS DEVELOPMENT, LLC, | ) | |
| WNC OF CINCINNATI LLC, | ) | |
| WNC OF COLUMBUS LLC, | ) | |
| WNC OF DAYTON LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DETROIT LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DES MOINES LLC, | ) | |
| WNC OF FORT WAYNE LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF LAS VEGAS LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF NAPA SONOMA LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF ODESSA LLC, | ) | |
| WNC OF PORTLAND LLC, | ) | |
| WNC OF SOUTH BEND LLC, | ) | |
| WNC OF SAN FRANCISCO LLC, | ) | |
| TAMRA MCCRACKEN a/k/a Tamra Scott, | ) | |
| ANTHONY SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFAULTED DEFENDANTS [DKT. 255]**

On April 11, 2016, Plaintiff Megan Aroon Duncanson initiated this action against various defendants, alleging violations of the United States Copyright Act, 17 U.S.C. §§ 101, 502. Before the Court now is Plaintiff's motion for summary judgment [Dkt. 255], pursuant to Federal Rule of Civil Procedure 56, as to damages against the five defaulted defendants: WNC of Fort Wayne, LLC; WNC of Dayton, LLC; WNC of Detroit, LLC;

1

WNC of Las Vegas, LLC; and WNC of Napa Sonoma, LLC. For the reasons set forth below, Plaintiff's motion is DENIED.

## I. The Default Defendants

On December 27, 2017, Magistrate Judge Debra McVicker Lynch directed the clerk to enter default against WNC of Fort Wayne, LLC; WNC of Dayton, LLC; WNC of Detroit, LLC; WNC of Las Vegas, LLC; and WNC of Napa Sonoma, LLC (collectively, the "Default Defendants") for inexcusably and continuously failing to participate in discovery [Dkt. 210; Dkt. 211].

> As the Seventh Circuit has explained:
>
> There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). This two-step process is clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure. The basic effect of an entry of default (step one) is that "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) . . . At the same time, however, the entry of default "does not of itself determine rights." *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972). That role is reserved for a default judgment.

*VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (first alteration omitted). Thus, "allegations regarding the amount of damages must be proven because 'even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.'" *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 842 (S.D. Ill. 2006) (first alteration omitted) (*quoting Catt*, 386 F.3d at 793).

2

Here, Ms. Duncanson has successfully passed the first hurdle in her quest for a default judgment and an award of damages: she secured an entry of default against the five identified defendants [Dkt. 211]. Thus, we take the well-pled allegations of liability as true, but do not take as true the allegations as to damages. Ms. Duncanson still must prove the amount of damages, and other such relief, to which she is entitled. This requirement for determining damages brings us to Ms. Duncanson's pending motion for summary judgment.

## II. Plaintiff's Motion for Summary Judgment

Rule 55(b) contemplates that, once default is entered, a party must move for default judgment when, as here, the plaintiff's claim is not for an amount of damages that can be easily computed or is otherwise certain. Rule 55(b) provides the Court with the discretion to hold hearings when it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. Pro. 55(b)(2).

Ms. Duncanson has not yet sought a default judgment, pursuant to Rule 55(b), having moved for summary judgment instead as to damages. After exhaustive research, we have located only one prior case in our Circuit where a party invoked Rule 56 to determine damages, in lieu of proceeding under Rule 55(b), after an entry of default establishing liability. *Trustees of Teamsters Union Local No. 142 Pension Tr. Fund v. Actin, Inc.*, No. 2:07-CV-289-TS, 2009 WL 10721015, at *4 (N.D. Ind. July 27, 2009). In light of the two-step process contemplated in Rule 55 and given the posture of that case, the *Teamsters* court concluded that the better vehicle for seeking damages following an

3

entry of default is through an application for default judgment, pursuant to Rule 55(b), not by a motion for summary judgment on damages under Rule 56. *Id.* Unlike Rule 56, Rule 55 provides the court with several tools to conduct the necessary inquiries in pursuit of its task of ascertaining reasonable damages. [1] *See id.*; *See also In re Catt,* 368 F.3d at 793 (After the entry of default, "the district court must [] conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."). Accordingly, the *Teamsters* court denied plaintiff's motion for summary judgment and directed it to apply for default judgment under Rule 55(b)(2).

We adopt the *Teamsters* court's analysis holding that Rule 55(b) provides the proper vehicle for Ms. Duncanson to establish the damages, if any, to which she is entitled against the Default Defendants. Thus, assuming Ms. Duncanson "proceed[s] as Rule 55(b)(2) contemplates, with [] making an application for default judgement," we will set the matter for a hearing on damages as promptly as possible. *Teamsters*, 2009 WL 10721015, at *4.

## CONCLUSION

For the reasons detailed above, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Date: 9/30/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] A plain reading of Rule 55 implies that an application for default judgment is the *only* vehicle to obtain damages after an entry of default when the claim is for an uncertain sum: Rule 55(b)(1) states that the clerk must enter default judgment when the claim is for sum certain; however, Rule 55(b)(2) states "*In all other cases*, the party *must* apply to the court for a default judgment."

4

Distribution:

Cynthia Conlin
CYNTHIA CONLIN, P.A.
cynthia@cynthiaconlin.com

P. Adam Davis
DAVIS & SARBINOFF LLC
efiling@d-slaw.com

Tony Pagan, Jr.
CYNTHIA CONLIN & ASSOCIATES
1643 Hillcrest Street
Orlando, FL 32803

Antonio Pagan, Jr.
CYNTHIA CONLIN and ASSOCIATES
tony@conlinpa.com

Jennifer Dawn Reed
CYNTHIA CONLIN and ASSOCIATES
jennifer@cynthiaconlin.com