UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MEGAN AROON DUNCANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00788-SEB-DML |
| | ) | |
| WINE AND CANVAS IP HOLDINGS LLC, | ) | |
| WINE AND CANVAS DEVELOPMENT, LLC, | ) | |
| WNC OF CINCINNATI LLC, | ) | |
| WNC OF COLUMBUS LLC, | ) | |
| WNC OF DAYTON LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DETROIT LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DES MOINES LLC, | ) | |
| WNC OF FORT WAYNE LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF LAS VEGAS LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF NAPA SONOMA LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF ODESSA LLC, | ) | |
| WNC OF PORTLAND LLC, | ) | |
| WNC OF SOUTH BEND LLC, | ) | |
| WNC OF SAN FRANCISCO LLC, | ) | |
| TAMRA MCCRACKEN a/k/a Tamra Scott, | ) | |
| ANTHONY SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE**

On April 11, 2016, Plaintiff Megan Aroon Duncanson initiated this action against various defendants, alleging violations of the United States Copyright Act, 17 U.S.C. §§ 101, 502. On December 27, 2017, Plaintiff, in accordance with Federal Rule of Civil Procedure 55, secured an entry of default against five defendants: WNC of Fort Wayne, LLC; WNC of Dayton, LLC; WNC of Detroit, LLC; WNC of Las Vegas, LLC; and

1

WNC of Napa Sonoma, LLC ( the "Default Defendants"). Plaintiff then moved for summary judgment as to damages against the Default Defendants, [Dkt. 255], pursuant to Federal Rule of Civil Procedure 56.

On September 30, 2019, we issued our Order denying Plaintiff's Motion for Summary Judgment, explaining therein:

> Rule 55(b) contemplates that, once default is entered, a party must move for default judgment when, as here, the plaintiff's claim is not for an amount of damages that can be easily computed or is otherwise certain[.]
>
> Ms. Duncanson has not yet sought a default judgment, pursuant to Rule 55(b), having moved for summary judgment instead as to damages. After exhaustive research, we have located only one prior case in our Circuit where a party invoked Rule 56 to determine damages, in lieu of proceeding under Rule 55(b), after an entry of default establishing liability. *Trustees of Teamsters Union Local No. 142 Pension Tr. Fund v. Actin, Inc.*, No. 2:07-CV-289-TS, 2009 WL 10721015, at *4 (N.D. Ind. July 27, 2009). In light of the two-step process contemplated in Rule 55 and given the posture of that case, the *Teamsters* court concluded that the better vehicle for seeking damages following an entry of default is through an application for default judgment, pursuant to Rule 55(b), not by a motion for summary judgment on damages under Rule 56. *Id.* Unlike Rule 56, Rule 55 provides the court with several tools to conduct the necessary inquiries in pursuit of its task of ascertaining reasonable damages . . . Accordingly, the *Teamsters* court denied plaintiff's motion for summary judgment and directed it to apply for default judgment under Rule 55(b)(2).

We adopted the *Teamsters* court's analysis and held that "Rule 55(b) provides the proper vehicle for Ms. Duncanson to establish the damages, if any, to which she is entitled against the Default Defendants." [Dkt. 257].

To date, however, Plaintiff has not moved for default judgment under Rule 55(b). Indeed, the parties have been somnolent for nearly a year according to the docket, with the exception of Plaintiff's Motion in Limine seeking to bar the Default Defendants from presenting certain evidence at trial. However, as summary judgment was not the

appropriate vehicle to assess any potential damages owed by the Default Defendants, neither is a trial. *Sharkey v. Cochran,* No. 1:09-CV-0517-JMS-DKL, 2012 WL 967057, at *12 (S.D. Ind. Mar. 21, 2012); *Swoope v. Gary Cmty. Sch. Corp.*, No. 2:10-CV-423-RL, 2011 WL 6826410, at *2 (N.D. Ind. Dec. 28, 2011); *Meyers v. Lakeland Supply, Inc.*, 133 F.Supp.2d 1118, 1118 (E.D. Wis. 2001). Plaintiff's Motion in Limine is thus inappropriate and, accordingly, is **denied**.

The ball now is now in Plaintiff's court: she can bring her claims against the Default Defendants to a close via a motion for default judgment. The Clerk's entry of default was entered in December 2017—more than two years ago. Plaintiff is thus ordered to show cause, in writing, filed with this Court no later than **January 31, 2020,** why the claims against the Default Defendants should not be dismissed for lack of prosecution, pursuant to Federal Rule of Civil Procedure 41(a). We offer Plaintiff this opportunity to inform the Court and/or to take action to prosecute her claims, though the Court is empowered to act on its own to dismiss long-dormant claims. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("A district court has the authority . . . to enter a *sua sponte* order of dismissal for lack of prosecution. This authority 'has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (*quoting Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). *See also GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-1199 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a

responsibility to litigants to keep their court calendars as current as humanly possible.")
(internal citations omitted); *Illinois Cent. Gulf R. Co. v. J & L Contractors, Inc.*, 121
F.R.D. 391, 394 (C.D. Ill. 1988) (discussing dismissal of complaint because of Plaintiff's
failure to timely prosecute default judgment after entry of default).

### Conclusion

Plaintiff is ordered to show cause no later than **January 31, 2020,** why her claims against the Default Defendants should not be dismissed for lack of prosecution and/or to take some definitive step to advance the litigation of her claims towards final resolution. Plaintiff's Motion in Limine [Dkt. 265] is **denied.**

IT IS SO ORDERED.

Date: 1/16/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cynthia Conlin
CYNTHIA CONLIN, P.A.
cynthia@cynthiaconlin.com

P. Adam Davis
DAVIS & SARBINOFF LLC
efiling@d-slaw.com

Tony Pagan, Jr.
CYNTHIA CONLIN & ASSOCIATES
1643 Hillcrest Street
Orlando, FL 32803

Antonio Pagan, Jr.
CYNTHIA CONLIN and ASSOCIATES
tony@conlinpa.com

Jennifer Dawn Reed
CYNTHIA CONLIN and ASSOCIATES
jennifer@cynthiaconlin.com