UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MEGAN AROON DUNCANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00788-SEB-DML |
| | ) | |
| WINE AND CANVAS IP HOLDINGS LLC, | ) | |
| WINE AND CANVAS DEVELOPMENT, LLC, | ) | |
| WNC OF CINCINNATI LLC, | ) | |
| WNC OF COLUMBUS LLC, | ) | |
| WNC OF DAYTON LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DETROIT LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DES MOINES LLC, | ) | |
| WNC OF FORT WAYNE LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF LAS VEGAS LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF NAPA SONOMA LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF ODESSA LLC, | ) | |
| WNC OF PORTLAND LLC, | ) | |
| WNC OF SOUTH BEND LLC, | ) | |
| WNC OF SAN FRANCISCO LLC, | ) | |
| TAMRA MCCRACKEN a/k/a Tamra Scott, | ) | |
| ANTHONY SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is the parties' Motion for Entry of Agreed Judgments,

Agreed Injunctions, and for Other Relief. [Dkt. 300]. For the reasons set forth herein, the

motion is **denied without prejudice.**

1

**Discussion**

Plaintiff Megan Aroon Duncanson initiated this action on April 11, 2016, alleging violations of the United States Copyright Act, 17 U.S.C. §§ 101, 502 [Dkt. 1]. On February 13, 2020, the Court received notice that a settlement had been reached among the parties to this lawsuit, which, at that time, had been lingering (often somnolently) on the Court's docket for nearly four years. [Dkt. 281]. Despite various obstacles in wrangling the parties into filing the necessary dismissal documents to close this case, [*see* Dkt. 284, 293], the Court had (fervently) hoped that closure would finally come upon the filing of the parties' "Motion for Entry of Agreed Judgments, Agreed Injunctions, and for Other Relief." [Dkt. 300]. Unfortunately, as detailed herein, this filing, consistent with prior practice, embodies the parties' most recent procedural missteps.

Before reviewing the errors encompassed in the parties' joint motion and accompanying judgments, we note as a preliminary matter that the Federal Rules of Civil Procedure authorize parties to settle matters in active litigation in no fewer than three ways. First, the parties may stipulate to dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(II). Such a dismissal is of a right and has the effect of depriving the Court of jurisdiction once the dismissal is entered. *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Stipulations of dismissal permit litigants flexibility in negotiating resolutions of their legal disputes and entering into settlement agreements, which thereafter may be enforced as a contract between the parties. *White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. 2009). Second, a plaintiff, acting without her adversary's consent, may move the Court to dismiss (typically without prejudice) her

claims pursuant to Federal Rule of Civil Procedure 42(a)(1). In this circumstance, dismissal is not automatic, requiring the Court in its discretion to determine whether good cause exists to grant the plaintiff's request. The third procedural option is for the parties to request that the Court enter a consent decree reflecting their agreement as a means of concluding their litigation. "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation," *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002), and commits the court to "continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings." *Metro. Life Ins. Co. v. Hanni*, 1:17-CV-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) (citing *Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987). Unlike a stipulated dismissal, a consent decree operates as a final judgment on the merits. *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988).

Here, with respect to twelve of the defendants in this litigation,[1] the parties request that the Court enter "Agreed Judgments," each of which grants judgment in favor of Plaintiff and against the respective defendant, orders the defendant to pay an agreed upon damages amount, and permanently enjoins the defendant from any future acts of "copying, selling, offering to sell, publicly displaying, or advertising" of Plaintiff's identified copyrighted works. Pursuant to the "Agreed Judgments," the Court is expected to retain jurisdiction to enforce their terms. Accordingly, despite the title given to these

---

[1] The parties have stipulated to the dismissal of the remaining defendants. [Dkt. 301, 302].

orders, the parties are effectively attempting to settle this litigation through the entry of a consent decree.[2]

But a "federal court is more than a recorder of contracts from whom private parties may purchase injunctions." *Kasper*, 814 F.2d at 338 (internal quotations omitted). The district court should not enter a consent decree whenever it "strikes two parties' fancy," nor can the parties simply stipulate to the entry of a consent decree. *Id.* Rather, because a consent decree is "an exercise of federal power, enforceable by contempt," "litigants wishing the Court to issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflectively to endorse their agreement with the full authority of the federal judiciary." *Kasper*, 813 F. 2d, at 338; *Metro. Life Ins. Co.*, 2017 WL 6805318, at *2.

The prerequisite to such an exercise of federal judicial authority is that a consent decree:   "(1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2)  come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Local No. 93,*

---

[2] *See Jessup v. Luther,* 277 F.3d 926, 929 (7th Cir. 2002) ("Settlement agreements that contain equitable terms, an injunction for example, will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms."); *D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 460, 1993 WL 418409 (7th Cir. 1993) ("[A] settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt); *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017) ("There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other."); *Angie's List, Inc. v. Ameritech Pub., Inc.,* 1:07–cv–1630–SEB–DM, 2010 WL 2719225, at *1 (S.D. Ind. July 7, 2010) (equating stipulated permanent injunction to consent decree); *Verband der Zuechter des Oldenburger Pferdes e.V. v. Int'l Sporthorse Registry Inc.*, 55 U.S.P.Q.2d 1550 (N.D. Ill. 1999) (same).

*Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Additionally, "the judge must satisfy himself that the decree is consistent with the Constitution and laws [and] does not undermine the rightful interests of third parties." *State v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019) (quoting *Kasper*, 814 F.2d at 338). And, in light of the fact that consent decrees require the district court to commit time and attention and resources to supervising a private settlement agreement, it must be shown that the consent decree will entail "an appropriate commitment of the court's limited resources." *Id.* Finally, the court must conclude that the consent decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F. 2d 884, 889 (7th Cir. 1985).

In tendering their Agreed Judgments, the parties have submitted nothing beyond their agreed-upon settlement terms. They have failed to present any argument or other justification for entry of  consent decree.  Acknowledging that our approval is necessary for the entry of their Agreed Judgments, they nonetheless omit from their motion any mention of the required prerequisites to such an approval. For example, while the outcome of the litigation as reflected in the tendered judgments appears to be fair, reasonable, and adequate, sufficient to satisfy the requirements set forth in *Local No. 93*, [3]

---

[3] The Agreed Judgments also, so far as we can determine *sua sponte*, appear to be consistent with the Constitution and do not infringe upon third party interests, but these issues likewise remain unaddressed by the parties.

the parties' motion lacks any discussion of these elements.  Clearly, their inclusion would have aided our review of the legal sufficiency of their agreement. *See United States v. First Merchants Bank*, No. 1:19-cv-02365-JPH-MPB, 2019 WL 3779768, at *1–2 (S.D. Ind. Aug. 12, 2019) (granting parties' motion for agreed order but only following the submission, pursuant to court order, of a joint memorandum explaining how consent decree was appropriate).

Perhaps of most concern here is the parties' failure to explain the manner and extent to which these multiple consent decrees represent an "appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338. In sidestepping their own procedural obligations, they seem perfectly willing—indeed, eager—to shift the burden of the legal analysis required to approve of their settlements. We have been left entirely in the dark about any reasons the parties may have for why consent decrees represent superior vehicles for these settlements compared to simple stipulated dismissals.[4]  We are not inclined to accept their implicit request that we pick up where they left off in getting these cases finally resolved.  *Trustees of Indiana State Council of Roofers Health & Welfare Fund v. CMT Roofing, LLC*, 4:16-CV-87-JPK, 2019 WL 968064, at *2 (N.D. Ind. Feb. 28, 2019); *Metro. Life Ins. Co.*, 2017 WL 6805318, at *2; *United States for use of Tri–City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, at *3. Stated more bluntly, the court will not simply "rubber stamp" their proposed consent decrees. *See id. See also,*

---

[4] Indeed, the terms of the proffered Agreed Judgments appear to be virtually identical to those in the settlement agreements between Plaintiff and the dismissed defendants. [Dkt. 294]. Why the differences, we do not know.

*N.L.R.B. v. Brooke Indus., Inc*., 867 F.2d 434, 436 (7th Cir. 1989) (finding that parties were "incorrect to contend that [the judge had] no choice but to rubber stamp their proposal" by issuing a consent judgment); *Matter of Mem'l Hosp. of Iowa Cty., Inc.,* 862 F.2d 1299, 1302 (7th Cir. 1988) ("So when the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the agreement is an appropriate commitment of judicial time and complies with legal norms").

Thus, as we have explained, the tendered judgments are not appropriate for our approval at this time.  In addition, we not that the judgments do not include the signatures of the parties confirming that they do, in fact, consent to this court's continued jurisdiction over this matter, if that is their intention. *See Sec. & Exch. Comm'n v. New*, 2019 WL 483710, at *2; *United States v. PolyOne Corp*., 2014 WL 2781831, at *5 (C.D. Ill. June 19, 2014) (finding valid consent where parties had signed consent decrees). Confusingly, the tendered judgments also assert that the Court shall retain jurisdiction for the purpose of enforcing these decrees, which is superfluous under applicable law. "[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it." *Fisher*, 864 F.2d at 436 (characterizing provision in consent decree retaining enforcement jurisdiction as "superfluous"). Similarly, jurisdiction is retained over a settlement agreement embodied in a consent decree or other judicial order. *See Lynch, Inc. v. SamataMason Inc*., 279 F.2d 487, 489 (7th Cir. 2002) (*citing Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 380–81 (1994). While perhaps not strictly improper, the superfluous retention provisions threaten future confusion as to our jurisdiction—an area

where confusion is least tolerable. *See Empress Casino Joliet Corp. v. Balmoral Racing Club*, Inc., 651 F.3d 722, 727 (7th Cir. 2011).

## CONCLUSION

The Motion for Entry of Agreed Judgments, Agreed Injunctions, and for Other Relief, [Dkt. 300], is denied without prejudice. The parties are ordered to revise and resubmit corrected filings along with a renewed motion within 30 days from the date of this Order in accordance with these findings and directives.  Alternatively, the parties may convert their previous "Agreed Judgements" into joint stipulations of dismissal and file those in order to conclude once and for all this protracted litigation.

IT IS SO ORDERED.

Date:   05/29/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cynthia Ariel Conlin
CYNTHIA CONLIN & ASSOCIATES
cynthia@conlinpa.com

P. Adam Davis
DAVIS & SARBINOFF LLC
efiling@d-slaw.com

Jennifer Dawn Reed
CYNTHIA CONLIN & ASSOCIATES
cynthia@conlinpa.com