UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MEGAN AROON DUNCANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00788-SEB-DML |
| | ) | |
| WNC OF CINCINNATI LLC, | ) | |
| WNC OF COLUMBUS LLC, | ) | |
| WNC OF DAYTON LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DETROIT LLC Clerk's Entry of Default | ) | |
| Entered 12/27/2017, | ) | |
| WNC OF DES MOINES LLC, | ) | |
| WNC OF FORT WAYNE LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF LAS VEGAS LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF NAPA SONOMA LLC Clerk's Entry of | ) | |
| Default Entered 12/27/2017, | ) | |
| WNC OF ODESSA LLC, | ) | |
| WNC OF PORTLAND LLC, | ) | |
| WNC OF SOUTH BEND LLC, | ) | |
| WNC OF SAN FRANCISCO LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On May 29, 2020, the Court denied without prejudice the parties' Motion for Entry of Agreed Judgments, Agreed Injunctions, and for Other Relief. [Dkt. 303]. We ordered the parties to revise and resubmit corrected filings along with a renewed motion in accordance with the findings and directives of our May 29, 2020 Order. Now before the Court is the parties' renewed Joint Motion for Consent Decrees accompanied by their proposed consent decrees. [Dkt. 306]. However, the parties have failed to adequately

remedy the deficiencies of their first motion. Accordingly, the Joint Motion for Consent Decrees is denied without prejudice.

## Discussion

Plaintiff Megan Aroon Duncanson initiated this action on April 11, 2016, alleging violations of the United States Copyright Act, 17 U.S.C. §§ 101, 502 [Dkt. 1]. On February 13, 2020, the Court received notice that a settlement had been reached among the parties to this lawsuit, which, at that time, had been lingering (often somnolently) on the Court's docket for nearly four years. [Dkt. 281]. Despite facing various obstacles in wrangling the parties into filing the necessary dismissal documents to close this case, [*see* Dkt. 284, 293], the Court had (fervently) hoped that closure would finally come upon the filing of the parties' "Motion for Entry of Agreed Judgments, Agreed Injunctions, and for Other Relief." [Dkt. 300]. Unfortunately, as detailed in our May 29, 2020 Order, this motion represents a continuation of the parties' prior flawed approach, encompassing yet another round of procedural missteps.

As thoroughly explained in our May 29, 2020 Order, the parties' are attempting to settle this litigation with respect to the twelve remaining defendants through the entry of consent decrees.[1] "A consent decree is a court order that embodies the terms agreed upon

---

[1] *See Jessup v. Luther,* 277 F.3d 926, 929 (7th Cir. 2002) ("Settlement agreements that contain equitable terms, an injunction for example, will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms."); *D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 460, 1993 WL 418409 (7th Cir. 1993) ("[A] settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt); *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017) ("There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other."); *Angie's List, Inc. v. Ameritech Pub., Inc.,* 1:07–cv–1630–SEB–DM, 2010 WL 2719225,

by the parties as a compromise to litigation," *United States v. Alshabkhoun,* 277 F.3d 930, 934 (7th Cir. 2002), and commits the court to "continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings." *Metro. Life Ins. Co. v. Hanni*, 1:17-CV-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017) (citing *Kasper v. Bd. of Election Comm'rs of the City of Chi*., 814 F.2d 332, 338 (7th Cir. 1987). Unlike a stipulated dismissal, a consent decree operates as a final judgment on the merits. *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988). Because in their motion the parties displayed little awareness of the grounds on which a consent decree may be granted, we spelled them out for them:

> [A] "federal court is more than a recorder of contracts from whom private parties may purchase injunctions." *Kasper*, 814 F.2d at 338 (internal quotations omitted). The district court should not enter a consent decree whenever it "strikes two parties' fancy," nor can the parties simply stipulate to the entry of a consent decree. *Id.* Rather, because a consent decree is "an exercise of federal power, enforceable by contempt," "litigants wishing the Court to issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflectively to endorse their agreement with the full authority of the federal judiciary." *Kasper*, 813 F. 2d, at 338; *Metro. Life Ins. Co*., 2017 WL 6805318, at *2.
>
> The prerequisite to such an exercise of federal judicial authority is that a consent decree: "(1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Additionally, "the judge must satisfy himself that the decree is consistent with the Constitution and laws [and] does not undermine the rightful interests of third parties." *State v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019) (quoting *Kasper*, 814 F.2d at 338). And, in light of the fact that consent

---

at *1 (S.D. Ind. July 7, 2010) (equating stipulated permanent injunction to consent decree); *Verband der Zuechter des Oldenburger Pferdes e.V. v. Int'l Sporthorse Registry Inc*., 55 U.S.P.Q.2d 1550 (N.D. Ill. 1999) (same).

decrees require the district court to commit time and attention and resources to supervising a private settlement agreement, it must be shown that the consent decree will entail "an appropriate commitment of the court's limited resources." *Id.* Finally, the court must conclude that the consent decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985).

[Dkt. 300, at 5]. Despite these requirements, the parties' first attempt at securing consent decrees consisted of nothing beyond their agreed-upon settlement terms. They failed to present *any* argument or other justification for entry of the consent decrees. We thus directed to them to "try again" and submit filings that properly and thoroughly addressed their entitlement to the entry of consent decrees. Our directive conveyed fair warnings as to the issues of greatest concern to the Court:

> Perhaps of most concern here is the parties' failure to explain the manner and extent to which these multiple consent decrees represent an "appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338. In sidestepping their own procedural obligations, they seem perfectly willing—indeed, eager—to shift the burden of the legal analysis required to approve of their settlements. **We have been left entirely in the dark about any reasons the parties may have for why consent decrees represent superior vehicles for these settlements compared to simple stipulated dismissals**. We are not inclined to accept their implicit request that we pick up where they left off in getting these cases finally resolved. *Trustees of Indiana State Council of Roofers Health & Welfare Fund v. CMT Roofing, LLC*, 4:16-CV-87-JPK, 2019 WL 968064, at *2 (N.D. Ind. Feb. 28, 2019); *Metro. Life Ins. Co.*, 2017 WL 6805318, at *2; *United States for use of Tri–City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, at *3. Stated more bluntly, the court will not simply "rubber stamp" their proposed consent decrees. *See id. See also N.L.R.B. v. Brooke Indus., Inc.*, 867 F.2d 434, 436 (7th Cir. 1989) (finding that parties were "incorrect to contend that [the judge had] no choice but to rubber stamp their proposal" by issuing a consent judgment); *Matter of Mem'l Hosp. of Iowa Cty., Inc.,* 862 F.2d 1299, 1302 (7th Cir. 1988) ("So when the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the agreement is an appropriate commitment of judicial time and complies with legal norms").

[Dkt. 300, at 6-7] (*emphasis added*). We also acknowledged that the parties had stipulated to the dismissal of the other four defendants in this matter, specifically noting that "the terms of the proffered Agreed Judgments appear to be virtually identical to those in the settlement agreements between Plaintiff and the dismissed defendants." Why the differences in the manner by which the parties sought to effectuate their settlement, we did not know.

We *still* do not know. Despite outlining our concerns to the parties that the consent decrees did not appear to be "an appropriate commitment of the court's limited resources," they have once again sidestepped this issue. The parties offer two justifications for their belief that consent decrees are reasonable here, though both are ultimately unpersuasive.

The parties first assert that the proposed consent decrees "quickly wrap up this case without the need for a time-intensive and costly trial." But how is a consent decree any more effective here than a stipulated dismissal would be, we ask.[2] *See United States for use of Tri–City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, 2014 WL 5473138, at *3 (C.D. Ill. Oct. 29, 2014). Indeed, this is *precisely* how the matter was settled with respect to four other defendants. Though the Court expressed its concern and puzzlement as to

---

[2] As was explained in our May 29, 2020 Order, parties may settle a matter by stipulating to dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(II): "Such a dismissal is of a right and has the effect of depriving the Court of jurisdiction once the dismissal is entered. *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Stipulations of dismissal permit litigants flexibility in negotiating resolutions of their legal disputes and entering into settlement agreements, which thereafter may be enforced as a contract between the parties. *White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. 2009).

why the remaining defendants were being disposed of in a manner mandating the Court's continued involvement, the parties have (still) not offered any clear explanation. Certainly a stipulated dismissal would be the best procedure by which this matter could have been "quickly wrapped up," rather than the path the parties have embarked upon that has involved protracted briefing and multiple court orders and ultimately will require ongoing court supervision of these decrees.

Second, the parties argue that "because the federal courts have exclusive jurisdiction over actions arising under the Copyright Act (28 U.S.C. § 1338(a)), any enforcement related to the proposed injunctions would not place any additional burden on this court." We do not understand this assertion. Our jurisdiction to hear certain cases does not mean that in exercising it no burden is imposed on the Court. Retaining ongoing jurisdiction over one such category of cases *ad infinitum* imposes obvious burdens in the form of judicial oversight and management. We will not approve the proposed consent decrees unless and until the parties identify a compelling reason why they are reasonable or necessary here. *See Matter of Mem'l Hosp. of Iowa Cty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). ("[I]t is inappropriate to approve a consent decree that calls for a profligate commitment of the court's resources[.])"

Additionally, the parties' continued failure to remedy other simple deficiencies that we have previously identified in the tendered consent decrees is more than a little frustrating. We previously stated:

> Confusingly, the tendered judgments also assert that the Court shall retain jurisdiction for the purpose of enforcing these decrees, which is superfluous under applicable law. "[W]hen a court issues an injunction, it automatically retains

6

> jurisdiction to enforce it." *Fisher*, 864 F.2d at 436 (characterizing provision in consent decree retaining enforcement jurisdiction as "superfluous"). Similarly, jurisdiction is retained over a settlement agreement embodied in a consent decree or other judicial order. *See Lynch, Inc. v. SamataMason Inc*., 279 F.2d 487, 489 (7th Cir. 2002) (*citing Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 380–81 (1994). While perhaps not strictly improper, the superfluous retention provisions threaten future confusion as to our jurisdiction—an area where confusion is least tolerable. *See Empress Casino Joliet Corp. v. Balmoral Racing Club*, Inc., 651 F.3d 722, 727 (7th Cir. 2011).

[Dkt. 300, at 7]. Without explanation, the parties have retained this superfluous, confusing provision in the current versions of their tendered consent decrees. In addition, we previously noted that "the [decrees] do not include the signatures of the parties confirming that they do, in fact, consent to this court's continued jurisdiction over this matter, if that is their intention." The revised judgments *still* reflect this most obvious of defects.[3]

Not all of our requests have been ignored by the parties, thankfully. We note that the proposed consent decrees do enter judgment in favor of Plaintiff and against Defendants on her claims of copyright infringement as alleged in her Complaint. Accordingly, defendants have conceded the essential legal elements of copyright infringement, that is, that Plaintiff was the owner of valid copyrights and that they copied constituent elements of her original works. *JCW Investments, Inc. v. Novelty, Inc*., 482 F.3d 910, 914 (7th Cir. 2007). The consent decrees further provide for each defendant to pay to Plaintiff an amount in damages within the statutory range provided in the United

---

[3] The revised consent decrees now include counsel's electronic signature, but there is no indication that the parties have authorized their attorneys to enter into the consent decrees on their behalf. *See Natare Corp. v. Aquatic Renovation Sys. Inc*., 987 F. Supp. 695, 697, 1997 WL 763480 (S.D. Ind. 1997).

States Copyright Act. Finally, defendants have agreed to refrain from copying, selling, offering to sell, publicly displaying, or advertising Plaintiff's copyrighted works. These stipulations, we are advised, were reached following extensive arms-length negotiations between the various parties, which allows the Court greater confidence in approving them.

Based on the joint representations from the parties, we are satisfied that the consent decrees spring from and serve to resolve a dispute within our subject matter jurisdiction, are within the scope of the allegations raised in Plaintiff's Complaint, and further the objectives of the Copyright Act by preventing additional infringements of Plaintiff's copyrighted works and by providing Plaintiff redress for the infringements that have occurred. *Local No. 93,* 478 U.S. at 525. Similarly, the proposed consent decrees appear to be consistent with the Copyright Act in all material respects. *State v. City of Chicago*, 912 F.3d at 987. They do not undermine the interests of any third parties, nor do they conflict with the Constitution. *Id.* Given the extensive settlement negotiations, aided by the efforts of counsel and the Magistrate Judge, that preceded the parties' agreed upon terms, we conclude the proposed consent decrees are fair, adequate, and reasonable. *Bass*, 698 F.2d at 330.

Thus, certain previously identified deficiencies have now been resolved. But, as noted, others remain that preclude our final judicial approval. Despite our weariness over the parties' continued procedural missteps which continue to stand in the way of a final resolution of this protracted litigation, we are not able to overlook the parties' failure to rectify them.

## **CONCLUSION**

The parties' Joint Motion for Consent Decrees, [Dkt. 306], is denied (again) without prejudice. The parties are ordered to revise and resubmit corrected filings along with a renewed motion within **twenty-one days** from the date of this Order in accordance with these findings and directives. Alternatively, the parties may convert their previous "Consent Decrees" into joint stipulations of dismissal and file those as a means of concluding once and for all this protracted litigation.

IT IS SO ORDERED.

Date: 7/17/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF